Sidney A. Fine, J.
Motion by plaintiff for summary judgment.
The separation agreement, upon which this action is based, expressly provides that it shall survive a divorce decree in an *779 action between the parties. It provides for payment of $200 per month to the plaintiff for herself and $60 per month for the two children. It contains a provision reading as follows: “In the event that the income of the husband shall be increased, then and in that event the wife, may at her option apply to any Court having jurisdiction to ask for an increase in the amount of alimony; likewise in the event the husband’s income shall be decreased, he shall have the option to apply to any Court having jurisdiction to seek a decrease in the amount of alimony ’ ’. Were it not for this provision, any change in the amount of alimony fixed by the court could not affect plaintiff’s rights under the separation agreement.
Defendant states that plaintiff applied to the Florida court, which had entered a divorce decree, for an increase of alimony from $260 to $300 per month. He states that under the Uniform Reciprocal Enforcement Support Act of this State the case was heard by the Domestic Relations Court, in New York, which awarded plaintiff and her children $45 per month for support. Defendant claims that he has paid plaintiff $45 per month.
The act to which defendant refers was repealed as of July 1, 1958. It was in force, however, at the time of the order directing payments of $45 per month. Its correct title was ‘1 Uniform Support of Dependents Law ” (L. 1949, ch. 807, repealed by L. 1958, ch. 146). In the court’s opinion, the order of the Domestic Relations Court, relied upon by defendant, did not have the effect of reducing the payments due under the separation agreement from $260 per month to $45 per month, whatever its effect may be on plaintiff’s right to enforce the divorce decree (which incorporated the provisions of the agreement) by contempt proceedings or otherwise. The separation agreement authorized a decrease below $260 per month only upon the application of the husband. No application by the husband for a decrease in alimony is claimed to have been made. Indeed, there was no provision for such an application in the Uniform Support of Dependents Law, that statute authorizing only applications by dependents for support. The separation agreement clearly does not contemplate a reduction in the amounts payable thereunder as the result of the wife’s application for an increase. Since the order reducing alimony to $45 per month was not the result of the type of application contemplated by the separation agreement, it did not alter the amounts payable under that agreement. It is accordingly, unnecessary to consider whether the order of reduction contemplated by the agreement includes an order made in proceedings for the support of dependents, as well as *780 an order made by the court in a matrimonial action between the parties.
Defendant does not deny the statements in the moving affidavit which establish that he has failed to pay $1,245 due under the separation agreement. He does raise a triable issue as to the insurance payments.
The motion is granted to the extent of awarding plaintiff judgment for $1,245 with interest, and otherwise denied. The action is severed as to the balance of plaintiff’s claim.
Settle order.